UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

In the Matter of:            :        Chapter 7
                             :
BRADFORD GEORGE BROWN,       :
                             :
         Debtor              :        Case No. 05-30144 RFH
                             :

BEFORE

ROBERT F. HERSHNER, JR.
CHIEF UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtor:                          Bradford George Brown, Pro Se
                                     228 Parkway Drive
                                     Sparta, Georgia 31087

For Martin L. Brown:                 Martin L. Brown, Pro Se
                                     P.O. Box 20436
                                     Atlanta, Georgia 30325

For Harris & Liken, L.L.P.:          Ernest V. Harris
                                     Post Office Box 1586
                                     Athens, Georgia 30603

                                     Christopher J. Liken
                                     Post Office Box 1586
                                     Athens, Georgia 30603

For United States Trustee:           Elizabeth Hardy
                                     Office of the United States Trustee
                                     440 Martin Luther King, Jr. Boulevard
                                     Suite 302
                                     Macon, Georgia 31201

## MEMORANDUM OPINION

Harris & Liken, L.L.P., Applicant, filed on January 3, 2007, an Application For Interim Compensation For Attorney Representing Trustee. Bradford George Brown, Debtor, filed on January 12, 2007, an objection to the application. Applicant filed a supplemental application on January 26, 2007. Debtor filed a supplemental objection on January 30, 2007. The applications and the objections came on for a hearing on February 16, 2007. The Court, having considered the applications, the objections, and the arguments of the parties, now publishes this memorandum opinion.

Debtor filed a petition under Chapter 11 of the Bankruptcy Code on January 31, 2005. The Court entered an order on December 15, 2005, converting the Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code. The United States Trustee appointed Ernest V. Harris, attorney at law, to be the Chapter 7 Trustee ("Trustee").[1] The Court entered an order on December 27, 2005, authorizing the employment of Applicant as attorney for Trustee. Applicant now seeks interim compensation for professional services provided to Trustee from December 15, 2005, through January 26, 2007.

Debtor filed objections to the applications for compensation contending that "Attorney Ernest V. Harris comitted theft and fraud" in the bankruptcy case.

---

[1] 11 U.S.C.A. §§ 348(a), 701(a)(West 2004).

The Court considered these allegations at the hearing on February 16, 2007. The Court determined that the allegations were groundless and that Mr. Harris was simply performing his duties as Trustee.

The Bankruptcy Code provides that, after notice and a hearing, the Court may allow and disburse interim compensation to a professional person, including an attorney, who represents or assists the trustee in carrying out the trustee's duties. 11 U.S.C.A. §§ 327, 331 (West 2004). Section 330 of the Bankruptcy Code[2] provides in part:

> **§ 330. Compensation of officers**
>
> **(a)(1)** After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to . . . a professional person employed under section 327 or 1103—
>
>> **(A)** reasonable compensation for actual, necessary services rendered by the . . . professional person, or attorney and by any paraprofessional person employed by any such person; and
>>
>> **(B)** reimbursement for actual, necessary expenses.
>
> . . .
>
>> **(3)** In determining the amount of reasonable

---

[2] "The Bankruptcy Reform Act of 1994 significantly amended section 330 of the Code to codify many of the factors previously considered by courts in awarding compensation and reimbursing expenses." 3 Collier On Bankruptcy, ¶ 330.LH [5] (15th ed. rev. 2006).

3

compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

**(A)** the time spent on such services;

**(B)** the rates charged for such services;

**(C)** whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

**(D)** whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

**(E)** with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

**(F)** whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

**(4) (A)** Except as provided in subparagraph (B), the court shall not allow compensation for—

**(I)** unnecessary duplication of services; or

**(ii)** services that were not—

**(I)** reasonably likely to benefit the debtor's estate; or

4

>     **(II)** necessary to the administration of the case.
>
> . . .
>
>     **(6)** Any compensation awarded for the preparation of a fee application shall be based on the level and skill reasonably required to prepare the application.

11 U.S.C.A. § 330(a)(1), (3), (4)(A), (6) (West 2004 & Supp. 2006).

Applicant has the burden to establish the entitlement, value, and reasonableness of the compensation requested. Brake v. Tavormina, (In re Beverly Mfg. Co.), 841 F.2d 365, 371 (11th Cir. 1998); In re Saybrook Mfg. Co, 108 B.R. 366, 370 (Bankr. M.D. Ga. 1989).

Applicant seeks interim compensation of $34,352.50 for 134.6 hours of attorney time and reimbursement of $2,883.01 for out-of-pocket expenses. Section 330(a) requires that in determining the amount of reasonable compensation, the Court shall consider the nature, the extent, and the value of Applicant's services, taking into account all relevant factors, including six nonexclusive factors listed in section 330(a)(3). The Court will apply the relevant factors to Applicant's applications for interim compensation.

1. The time spent on the services—

Applicant has itemized 134.6 hours of attorney time for professional services provided to Trustee. The itemization provides a description of the services and the

amount of time charged. The itemization lists as "No Charge" another 27.4 hours of time that Mr. Harris spent performing his duties as Trustee. Applicant does not seek compensation for these services.

Applicant seeks compensation of $400 for 1.6 hours of attorney time for professional services provided by Mr. Harris prior to entry of the Court's order authorizing Applicant's appointment. Applicant offers no reason why the Court should allow compensation for services provided prior to the authorization for employment. The Court therefore will deny compensation for the 1.6 hours. See <u>In re Saybrook</u>, 108 B.R. at 268-69. ("nunc pro tunc orders for retroactive approval should be entered only if counsel can demonstrate extraordinary circumstances warranting such action.").

2. The rates charged for the services—

Applicant reports that Mr. Harris's hourly rate was $250 through December 31, 2006, and that his hourly rate is $275 thereafter. Mr. Harris was admitted to the practice of law in 1972. Mr. Harris has been actively engaged in bankruptcy practice since 1979. Mr. Harris has served on the panel of Chapter 7 trustees since 1979. Mr. Harris regularly represents debtors and creditors in bankruptcy cases. The Court notes that Mr. Harris's hourly rates are comparable to the prevailing market rates charged by other attorneys with similar skill and experience. Mr. Harris provided all but 2.0 hours of the 134.6 hours of service listed on the applications. Mr. Harris's law

6

partner, Christopher J. Liken, provided the other 2.0 hours of service at an hourly rate of $225.

3. Whether the services were necessary or beneficial to the administration of the bankruptcy case—

Athens First Bank & Trust foreclosed on certain property of the bankruptcy estate when Debtor's bankruptcy case was pending as a Chapter 11 case. After the Chapter 11 case was converted to a Chapter 7 case, Applicant investigated the foreclosure proceedings and discovered that the bank may have charged certain attorney fees that are not authorized in a bankruptcy proceeding. Applicant negotiated the return of some $72,500 in attorney fees from the bank to the Chapter 7 bankruptcy estate.

Trustee, through the representation of Applicant, obtained approval from the Court to sell three parcels of real property. Applicant has dissolved two corporations owned by Debtor known as Brown Broadcasting Systems, Inc. and Brown Development Corporation. Applicant has transferred, or is in the process of transferring, the assets of the corporations into the bankruptcy estate.

Applicant has responded on behalf of Trustee to numerous motions and objections filed by Debtor and by his brother, Martin L. Brown. Trustee, through Applicant's representation, has prevailed in most of these matters.

The Court is persuaded that Applicant's services were necessary and beneficial

to the administration of the bankruptcy estate.

4. Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task to be addressed—

    Applicant has dealt with a number of complicated and hotly contested matters. Applicant negotiated a return of attorney fees from a bank which foreclosed on property of the bankruptcy estate. Applicant dissolved two corporations and has transferred, or is transferring, the assets to the bankruptcy estate. Applicant has obtained approval for the sale of three parcels of real property. Applicant has successfully dealt with numerous motions and objections filed by Debtor and by his brother. The Court is persuaded that Applicant has handled these complex issues in a reasonable manner.

5. Whether the professional person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field—

    Mr. Harris has been actively engaged in bankruptcy practice since 1979. Mr. Harris has handled a great number of bankruptcy cases. Mr. Harris regularly represents debtors and creditors in bankruptcy cases. The Court is persuaded that Mr. Harris is skilled and experienced in handling bankruptcy cases.

6. Whether the compensation is reasonable based on the customary compensation by comparably skilled practitioners in nonbankruptcy cases—

The Court notes that Mr. Harris's hourly rates of $250 and $275 are comparable to the rates charged by comparably skilled and experienced attorneys in bankruptcy and nonbankruptcy cases.

The Assistant United States Trustee reports that she has reviewed Applicant's application and that, in her view, the application is reasonable and that the services provided were beneficial to the bankruptcy estate.

The Court is persuaded that it should approve Applicant's application for interim compensation for $33,952.50 for 133.0 hours of attorney time.[3]

Applicant also requests reimbursement of $2,883.01 for out-of-pocket expenses. The expenses were incurred primarily for the costs to dissolve two corporations and to transfer record title to real property into the bankruptcy estate. The Court is persuaded that the expenses were necessary and reasonable for the performance of Applicant's duties as attorney for Trustee.

An order in accordance with this memorandum opinion will be entered this date.

DATED this 5th day of March, 2007.

       /s/ Robert F. Hershner, Jr.
      ROBERT F. HERSHNER, JR.
      Chief Judge
      United States Bankruptcy Court

---

[3] The Court has reduced Applicant's request by $400 for 1.6 hours of attorney time that were provided prior to the authorization for employment.