UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| In the Matter of: | : | Chapter 7 |
| | : | |
| BRADFORD GEORGE BROWN, | : | |
| | : | |
| Debtor | : | Case No. 05-30144 RFH |
| | : | |

BEFORE

ROBERT F. HERSHNER, JR.
CHIEF UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

| | |
|---|---|
| For Debtor: | Bradford George Brown, Pro Se<br>228 Parkway Drive<br>Sparta, Georgia 31087 |
| For Martin L. Brown: | Martin L. Brown, Pro Se<br>P.O. Box 20436<br>Atlanta, Georgia 30325 |
| For Chapter 7 Trustee: | Ernest V. Harris<br>Post Office Box 1586<br>Athens, Georgia 30603 |

**MEMORANDUM OPINION**

Bradford George Brown, Debtor, made an oral request on the record in open court on October 4, 2007, that this United States Bankruptcy Judge recuse himself in Debtor's Chapter 7 bankruptcy case.[1]

Section 455(a) and (b)(1) of Title 28 of the United States Code provides:

> **§ 455. Disqualification of justice, judge, or magistrate judge**
>
> **(a)** Any justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> **(b)** He shall also disqualify himself in the following circumstances:
> **(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

28 U.S.C.A. § 455(a), (b)(1) (West 2006).

In United States v. Amedeo,[2] the United States Court of Appeals for the Eleventh Circuit stated:

> Section 455 of Title 28 of the U.S. Code creates two conditions for recusal. *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003). First, § 455(a) provides that

---

[1] Debtor made his oral request during a pretrial conference in Adversary Proceeding No. 07-3021. In the Court's view, Debtor was requesting that this judge recuse himself in all proceedings in Debtor's Chapter 7 bankruptcy case.

[2] 487 F.3d 823 (11th Cir. 2007).

2

> a judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). Under § 455 (a), recusal is appropriate only if "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Patti*, 337 F.3d at 1321 (citation omitted). And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 1157, 127 L. Ed.2d 474 (1994) (citation omitted).
>
> Second, § 455(b) provides that a judge also shall disqualify himself where, *inter alia*, he *actually "has* a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1) (emphasis added). The bias or prejudice "must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (citation omitted). "[O]pinions held by judges as a result of what they learned in earlier proceedings" do *not* constitute bias or prejudice. *Litkey*, 510 U.S. at 551, 114 S.Ct. at 1155.

487 F.3d at 828-29.

A request for recusal based solely on a party's dissatisfaction with the judge's rulings against him is not a valid basis to disqualify the judge. Fox v. Prudential Financial, 178 Fed. Appx. 915, 919 (11th Cir. 2006), cert denied 127 S.Ct. 945, 166 L.Ed.2d 705 (2007).

Prior adverse rulings alone do not provide a basis for holding that a judge's

impartiality is in doubt. <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1103 (11th Cir. 2001).

In the case at bar, Debtor filed pro se on January 31, 2005, a petition for relief under Chapter 11 of the Bankruptcy Code. Debtor retained counsel in February 2005. In December 2005, the Court entered an order converting Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code. The Office of the United States Trustee appointed Earnest V. Harris to be the Chapter 7 trustee of Debtor's bankruptcy estate. The Court entered an order in January 2007 allowing Debtor's counsel to withdraw. Debtor has represented himself in the Chapter 7 proceedings since January 2007. The Court, on many occasions, has urged Debtor to seek the advice of counsel.

Debtor has filed pro se numerous motions and objections directed at Mr. Harris's administration of Debtor's Chapter 7 estate. Debtor contends that Mr. Harris has committed fraud by allegedly failing to vigorously object to certain creditors' claims. The Court has consistently determined that Mr. Harris is properly performing his duties as Chapter 7 trustee. The Court has overruled almost all, or perhaps all, of Debtor's motions and objections.

Debtor contends that he cannot get a fair non-jury trial before this judge. Debtor contends that this judge has a conflict of interest by failing to recognize "clear cut" instances of fraud by Mr. Harris. Debtor contends that this judge has always ruled in Mr. Harris's favor even though Debtor has "dutifully" presented evidence of

Mr. Harris's fraud.

The law is clear that a request for recusal based solely on a party's dissatisfaction with the judge's rulings against him is not a valid basis to disqualify the judge or to hold that the judge's impartiality is in doubt.

This judge's knowledge of disputed evidentiary facts derives solely from the evidence and arguments presented during the proceedings in Debtor's bankruptcy case. Debtor has been afforded numerous opportunities to present evidence that Mr. Harris has committed fraud. This judge's rulings have been based upon the evidence presented and not because of a personal bias or prejudice concerning any party.

The Court is persuaded that Debtor's oral request for recusal should be denied.

An order in accordance with this memorandum opinion will be entered this date.

DATED this 31st day of October, 2007.

  /s/ Robert F. Hershner, Jr.
ROBERT F. HERSHNER, JR.
Chief Judge
United States Bankruptcy Court

5