UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

In the Matter of:                :           Chapter 7
                                 :
BRADFORD GEORGE BROWN,           :
                                 :
           Debtor                :           Case No. 05-30144 RFH
                                 :

BEFORE

ROBERT F. HERSHNER, JR.
CHIEF UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtor:                          Bradford George Brown, Pro Se
                                     73 Myrtle Street
                                     Sparta, Georgia 31087

For Martin Lloyd Brown:              Martin Lloyd Brown, Pro Se
                                     P.O. Box 20436
                                     Atlanta, Georgia 30325

For Harris & Liken, L.L.P.:          Ernest V. Harris
                                     Post Office Box 1586
                                     Athens, Georgia 30603

## **MEMORANDUM OPINION**

Harris & Liken, L.L.P., Applicant, filed with the Court on August 14, 2007, an Application For Interim Compensation For Attorney Representing Trustee. Martin Lloyd Brown filed pro se on September 11, 2007, an objection to the application. The application for compensation came on for a hearing on October 4, 2007. The Court, having considered the application, the objection, and the arguments of the parties, now publishes this memorandum opinion.

Bradford George Brown, Debtor, filed a petition under Chapter 11 of the Bankruptcy Code on January 31, 2005. The Court entered an order on December 15, 2005, converting the Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code. The Office of the United States Trustee appointed Ernest V. Harris, attorney at law, to be the Chapter 7 trustee ("Trustee") of Debtor's bankruptcy estate.[1] The Court entered an order on December 27, 2005, authorizing the employment of Applicant as attorney for Trustee. Applicant now seeks interim compensation for professional services provided to Trustee from April 3, 2007, through August 10, 2007. Applicant also seeks compensation for 1.5 hours of attorney time for preparation of its fee application.[2]

---

[1] 11 U.S.C.A. §§ 348(a), 701(a) (West 2004).

[2] 11 U.S.C.A. § 330(a)(6) (West 2004).

Martin Lloyd Brown filed an objection to the application for compensation contending that "Chapter 7 Trustee Ernest V. Harris committed fraud on this Court in his handling" of nine claims filed against the estate. The Court has considered these allegations on numerous occasions. The Court has determined that the allegations are groundless and that Mr. Harris is simply performing his duties as Trustee.

The Bankruptcy Code provides that, after notice and a hearing, the Court may allow and disburse interim compensation to a professional person, including an attorney, who represents or assists the trustee in carrying out the trustee's duties. 11 U.S.C.A. §§ 327, 330, and 331 (West 2004 and Supp. 2006). Section 330 of the Bankruptcy Code[3] provides in part:

> **§ 330.  Compensation of officers**
>
> **(a)(1)** After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to . . . a professional person employed under section 327 or 1103—
>> **(A)** reasonable compensation for actual, necessary services rendered by the . . . professional person, or attorney and by any paraprofessional person employed by any such person; and
>>
>> **(B)** reimbursement for actual, necessary expenses.

---

[3] "The Bankruptcy Reform Act of 1994 significantly amended section 330 of the Code to codify many of the factors previously considered by courts in awarding compensation and reimbursing expenses." 3 Collier On Bankruptcy, ¶ 330.LH [5] (15th ed. rev. 2006).

3

. . .

**(3)** In determining the amount of reasonable compensation to be awarded to  . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

**(A)** the time spent on such services;

**(B)** the rates charged for such services;

**(C)** whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

**(D)** whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

**(E)** with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

**(F)** whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

**(4) (A)** Except as provided in subparagraph (b), the court shall not allow compensation for—

**(I)** unnecessary duplication of services; or

**(ii)** services that were not—

>       **(I)** reasonably likely to benefit the debtor's estate; or
>
>       **(II)** necessary to the administration of the case.
>
>       . . .
>
>       **(6)** Any compensation awarded for the preparation of a fee application shall be based on the level and skill reasonably required to prepare the application.

11 U.S.C.A. § 330(a)(1), (3), (4)(A), (6) (West 2004 & Supp. 2006).

Applicant has the burden to establish the entitlement, value, and reasonableness of the compensation requested. Brake v. Tavormina, (In re Beverly Mfg. Co.), 841 F.2d 365, 371 (11th Cir. 1988); In re Saybrook Mfg. Co, 108 B.R. 366, 370 (Bankr. M.D. Ga. 1989).

Applicant seeks interim compensation of $11,962.50 for 43.5 hours of attorney time for professional services provided to Trustee,[4] $412.50 for 1.5 hours of attorney time for preparation of its application for compensation, $455 for 13.0 hours of paralegal time,[5] and reimbursement of $823.67 for out-of-pocket expenses. Section 330(a) requires that in determining the amount of reasonable compensation, the Court

---

[4] Applicant's application has a minor math error in the hours of attorney time. The Court will award compensation based upon the correct hours of attorney time.

[5] 11 U.S.C.A. § 330(a)(1)(A) (reasonable compensation includes services rendered by paraprofessional employed by an attorney).

5

shall consider the nature, the extent, and the value of Applicant's services, taking into account all relevant factors, including six nonexclusive factors listed in section 330(a)(3). The Court will apply the relevant factors to Applicant's application for interim compensation.

1. The time spent on the services—

Applicant has itemized 43.5 hours of attorney time and 13.0 hours of paralegal time for professional services provided to Trustee. The itemization provides a description of the services and the amount of time charged. The itemization lists as "No Charge" another 27.3 hours of time that Mr. Harris spent performing his duties as Trustee. Applicant does not seek compensation for these services.

2. The rates charged for the services—

Applicant reports that Mr. Harris's hourly rate is $275. Mr. Harris was admitted to the practice of law in 1972. Mr. Harris has been actively engaged in bankruptcy practice since 1979. Mr. Harris has served on the panel of Chapter 7 trustees since 1979. Mr. Harris regularly represents debtors, creditors, and trustees in bankruptcy cases. The Court notes that Mr. Harris's hourly rate is comparable to the prevailing market rates charged by other attorneys with similar skills and experience. Applicant charges $35 per hour for paralegal time. The Court notes that this is comparable to the prevailing market rates. All services listed on the application were provided by Mr. Harris or by his paralegal.

3. Whether the services were necessary or beneficial to the administration of the bankruptcy case—

Applicant has dissolved a corporation owned by Debtor known as Bradford G. Brown, P.C. Applicant has reviewed and compromised a number of claims filed against the estate. Applicant is reviewing and attempting to resolve a substantial tax claim filed by the Internal Revenue Service. Applicant has liquidated a number of parcels of real estate that were property of the estate. Applicant has dealt with title and eviction issues on several properties. Applicant has prepared for and attended hearings in this Court concerning these matters.

Applicant has responded on behalf of Trustee to numerous motions and objections filed pro se by Debtor and by his brother, Martin Lloyd Brown. Trustee, through Applicant's representation, has prevailed in almost all, or perhaps all, of these matters.

The Court is persuaded that Applicant's services were necessary and beneficial to the administration of the bankruptcy estate.

4. Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task to be addressed—

Applicant has dealt with a number of complicated and hotly contested matters. Applicant has liquidated a number of parcels of real estate and dealt with title and

eviction issues.  Applicant has compromised a number of claims filed against the estate.  Applicant is negotiating with the Internal Revenue Service to resolve a substantial tax claim.  Applicant has successfully dealt with numerous motions and objections filed pro se by Debtor and by his brother.  The Court is persuaded that Applicant has handled these complex issues in a reasonable manner.

5. Whether the professional person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field—

Mr. Harris has been actively engaged in bankruptcy practice since 1979. Mr. Harris has handled a great number of bankruptcy cases.  Mr. Harris regularly represents debtors, creditors, and trustees in bankruptcy cases.  The Court is persuaded that Mr. Harris is skilled and experienced in handling bankruptcy cases.

6. Whether the compensation is reasonable based on the customary compensation by comparably skilled practitioners in nonbankruptcy cases—

The Court notes that Mr. Harris's hourly rate of $275 is comparable to the rates charged by comparably skilled and experienced attorneys in bankruptcy and nonbankruptcy cases.

Applicant seeks compensation of 1.5 hours of attorney time for preparation of its application for compensation.  11 U.S.C.A. § 330(a)(6) (West 2006).  The Court is persuaded that this request is reasonable based upon the level and skill required to prepare the application.  The Court notes that this request is comparable to requests

made in other bankruptcy cases.

    The Court is persuaded that it should approve Applicant's application for interim compensation of $11,962.50 for 43.5 hours of attorney time for professional services provided to Trustee, $412.50 for 1.5 hours of attorney time for preparation of its application for compensation, and $455 for 13.0 hours of paralegal time. The Court will award interim compensation which totals $12,830.

    Applicant also requests reimbursement of $823.67 for out-of-pocket expenses. The expenses were incurred primarily for the costs to dissolve a corporation, to pay utility services for property of the estate, and to pay court filing fees. The Court is persuaded that the expenses were necessary and reasonable for the performance of Applicant's duties as attorney for Trustee.

    An order in accordance with this memorandum opinion will be entered this date.

    DATED this 15th day of November, 2007.

    /s/ Robert F. Hershner, Jr.
ROBERT F. HERSHNER, JR.
Chief Judge
United States Bankruptcy Court