UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION


| | | |
|---|---|---|
| In the Matter of: | : | Chapter 7 |
| | : | |
| BRADFORD GEORGE BROWN, | : | |
| | : | |
| Debtor | : | Case No. 05-30144 RFH |
| | : | |
| ERNEST V. HARRIS, TRUSTEE | : | |
| | : | |
| Movant | : | |
| | : | |
| v. | : | |
| | : | |
| MARTIN LLOYD BROWN, | : | |
| | : | |
| Respondent | : | |


BEFORE

ROBERT F. HERSHNER, JR.
UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

For Ernest V. Harris, Trustee:                    Ernest V. Harris
                                                  P.O. Box 1586
                                                  Athens, Georgia 30603


For Martin Lloyd Brown:                           Martin Lloyd Brown, Pro Se
                                                  P.O. Box 20436
                                                  Atlanta, Georgia 30325

## MEMORANDUM OPINION

Ernest V. Harris, Trustee, Movant, filed with the Court on October 30, 2007, a Motion For Sanctions Pursuant To Federal Rules of Bankruptcy Procedure 9011(c). Martin Lloyd Brown, Respondent, filed pro se a response on November 8, 2007. Movant's motion came on for a hearing on January 4, 2008. The Court, having considered the motion, the response, and the arguments of the parties, now publishes this memorandum opinion.

Bradford George Brown, Debtor, filed pro se on January 31, 2005, a petition for relief under Chapter 11 of the Bankruptcy Code. Debtor retained counsel in February 2005. In December 2005, the Court entered an order converting Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code. The Office of the United States Trustee appointed Ernest V. Harris, Movant, to be the Chapter 7 trustee of Debtor's bankruptcy estate. The Court entered an order in January 2007 allowing Debtor's counsel to withdraw. Debtor has represented himself in the Chapter 7 case since January 2007. The Court, on many occasions, has urged Debtor to seek the advice of counsel.

Respondent is Debtor's brother. Respondent has a one-third interest in the assets and liabilities of Debtor. Respondent's interest is subordinated to all allowed administrative, secured, unsecured, and priority claims filed against Debtor's

bankruptcy estate.[1] Respondent has represented himself in Debtor's bankruptcy case.

The Court, on many occasions, has urged Respondent to seek the advice of counsel.

During the past year, Respondent has asserted pro se numerous objections

directed at Movant's administration of Debtor's Chapter 7 estate. Respondent

contends that Movant has committed fraud by allegedly failing to vigorously object to

certain creditors' claims. The Court has consistently determined that Movant is

properly performing his duties as Chapter 7 trustee. The Court has overruled almost

all, or perhaps all, of Respondent's objections. Those decisions are now final and

binding.

Also during the past year, Debtor has asserted pro se numerous objections

directed at Movant that are identical to the objections asserted by Respondent.

Respondent has been present at a number of hearings when the Court has overruled

Debtor's objections. Simply stated, Respondent is aware that the Court has

consistently ruled that Movant has not committed fraud and is properly performing his

duties as Chapter 7 trustee.

Movant filed on August 14, 2007, an Application For Interim Compensation

For Attorney Representing Trustee.[2] Respondent filed on September 11, 2007, an

Objection To Application For Compensation For Attorney Ernest V. Harris, Pursuant

_____

[1] Consent Judgment entered February 16, 2007, Doc. No. 25, Adv. No. 06-3026.

[2] Docket No. 537. Mr. Harris filed the application for compensation as the
attorney for the trustee rather than as the Chapter 7 trustee.

To Fraud On The Court And Fraud.[3]  In the objection, Respondent contends that

Movant "committed fraud on the Court in his handling" of certain creditors' claims.

Respondent filed on September 28, 2007, (1) two replies to Movant's

objections to claims;[4] (2) an objection to a claim for "excessive attorney fees"[5]; and

(3) two objections to Movant's motions for authorization to pay administrative

expenses to certain third parties.[6]

On October 3, 2007, Movant served Respondent with a motion for sanctions

that Movant intended to file with the Court unless Respondent withdrew his objection

to Movant's application for compensation, his replies to Movant's objections to

claims, his objection to claim, and his objections to Movant's motions to pay

administrative expenses.  Respondent did not withdraw his objections and replies

within the 21 day "safe harbor" provision of Bankruptcy Rule 9011(c)(1)(A).  Movant

filed his motion for sanction on October 30, 2007.

The Court, after notice and a hearing on Movant's application for

compensation, determined that Movant is properly performing his duties as trustee.[7]

_____

[3] Docket No. 548.

[4] Docket Nos. 578, 580.  In his replies, Respondent objects to the claims filed by
the creditors.

[5] Docket No. 579.

[6] Docket Nos. 581, 582.

[7] Docket No. 665.

4

The Court entered an order on November 15, 2007, overruling Respondent's objection

and awarded interim compensation to Movant as attorney for the trustee.[8]

The Court, after notice and a hearing, entered orders on November 7 and 8,

2007, disposing of the objections and replies filed by Respondent on September 8,

2007.[9]

In his motion for sanctions, Movant moves the Court to impose sanctions under

Federal Rule of Bankruptcy Procedure 9011(c).  Rule 9011 provides in relevant part:

> **Rule 9011.   Signing of Papers; Representations to the
> Court; Sanctions; Verification and Copies
> of Papers**
>
> **(a) Signing of papers**
>
> Every petition, pleading, written motion, and other
> paper, except a list, schedule, or statement, or amendments
> thereto, shall be signed by at least one attorney of record
> in the attorney's individual name.  A party who is not
> represented by an attorney shall sign all papers.  Each
> paper shall state the signer's address and telephone
> number, if any.  An unsigned paper shall be stricken
> unless omission of the signature is corrected promptly
> after being called to the attention of the attorney or party.
>
> **(b)   Representations to the court**
>
> By representing to the court (whether by signing, filing,
> submitting, or later advocating) a petition, pleading,

---

[8] Docket Nos. 666, 667.

[9] Docket Nos. 642, 647, 648, 649, 650.

written motion, or other paper, an attorney or
unrepresented party is certifying that to the best of the
person's knowledge, information, and belief, formed after
an inquiry reasonable under the circumstances, —

    **(1)** it is not being presented for any improper
purpose, such as to harass or to cause unnecessary
delay or needless increase in the cost of litigation;
**(2)** the claims, defenses, and other legal contentions
therein are warranted by existing law or by a
nonfrivolous argument for the extension,
modification, or reversal of existing law or the
establishment of new law;
**(3)** the allegations and other factual contentions
have evidentiary support or, if specifically so
identified, are likely to have evidentiary support
after a reasonable opportunity for further
investigation or discovery; and
**(4)** the denials of factual contentions are warranted
on the evidence or, if specifically so identified, are
reasonably based on a lack of information or belief.

**(c)  Sanctions**

  If, after notice and a reasonable opportunity to respond,
the court determines that subdivision (b) has been
violated, the court may, subject to the conditions stated
below, impose an appropriate sanction upon the attorneys,
law firms, or parties that have violated subdivision (b) or
are responsible for the violation.

    **(1) How initiated**

      **(A) By motion**

      A motion for sanctions under this rule
shall be made separately from other motions
or requests and shall describe the specific
conduct alleged to violate subdivision (b).  It
shall be served as provided in Rule 7004.
The motion for sanctions may not be filed

6

with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b).  If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.  Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

**(B)  On court's initiative**

On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

**(2) Nature of sanction; limitations**

A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated.  Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

**(A)** Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).

7

**(B)** Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

### (3) Order

When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

Fed. R. Bank. P. 9011(a), (b), (c).

Bankruptcy Rule 9011 is the bankruptcy counterpart to Federal Rule of Civil Procedure 11. Case law interpreting Rule 11 provides this Court with guidance in interpreting Rule 9011. See 10 Collier on Bankruptcy ¶ 9011.02 (15th ed. rev. 2007); Hope v. Zimmerman, (In re Calloway), Ch. 13, Case No. 96-51864, p.6 (Bankr. M.D. Ga. Sept. 12, 1997).

"The purpose of Rule 11 sanctions is to 'reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers.' . . . The rule incorporates an objective standard. Hence, courts determine whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified." Kaplan v. DaimlerChrysler, A. G., 331 F.3d 1251, 1255 (11th Cir. 2003).

In Baker v. Alderman,[10] the Court of Appeals for the Eleventh Circuit stated:

The objective standard for testing conduct under Rule 11

---

[10] 158 F.3d 516 (11th Cir. 1998).

8

is "reasonableness under the circumstances" and "what was reasonable to believe at the time" the pleading was submitted. This court requires a two-step inquiry as to (1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous. Rule 11 sanctions are warranted when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose. Although sanctions are warranted when the claimant exhibits a "deliberate indifference to obvious facts," they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law. Sanctions may be appropriate when the plain language of an applicable statute and the case law preclude relief. However, the purpose of Rule 11 is to deter frivolous lawsuits and not to deter novel legal arguments or cases of first impression.

158 F.3d at 524.


"While this [objective] standard [of reasonableness] takes into account the special circumstances that often arise in *pro se* situations, *pro se* filings do not serve as an 'impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" Patterson v. Aiken, 841 F.2d 386, 387 (11th Cir. 1988).

In <u>Industrial Risk Insurers v. M.A.N. Gutėhoffnungshütte</u>,[11] the Eleventh

Circuit stated:

> "Improper purpose may be shown by excessive persistence
> in pursuing a claim or defense in the face of repeated
> adverse rulings. . . .  In order for sanctions to be imposed
> for excessive relitigation of an issue already decided by
> the court, the disputed issue must have been clearly
> decided by the court's earlier orders, and counsel's
> relitigation of the issue must clearly offer no meritorious
> new arguments. *See, e.g., Mariani v. Doctors Assoc's,
> Inc.* 983 F.2d 5, 8 (1st Cir. 1993) ( imposing sanctions for
> "virtually *verbatim*" reargumentation of an
> issue—dismissal of the action—clearly already decided by
> the court) (emphasis in original).

141 F.3d at 1448.


In <u>Riccard v. Prudential Insurance Co.</u>,[12] the Eleventh Circuit stated:

> Although the sanctions most commonly imposed are costs
> and attorney's fees, the selection of the type of sanctions
> to be imposed lies with the district court's sound exercise
> of discretion. *See Donaldson v. Clark*, 819 F.2d 1551,
> 1557 (11th Cir. 1987).  When imposing sanctions, the
> district court must describe the conduct determined to
> constitute a violation of the rule and explain the basis for
> the sanction imposed. *See* Fed. R. Civ. P. 11(c)(3).

307 F.3d at 1295.

The court also stated:
> The court's power to protect its jurisdiction includes the

---

[11] 141 F.3d 1434 (11th Cir. 1998); cert denied 525 U.S. 1068, 119 S. Ct. 797, 142 L.Ed 2d 659 (1999).

[12] 307 F.3d 1277 (11th Cir. 2002).

> power to enjoin a dissatisfied party bent on re-litigating
> claims that were (or could have been) previously litigated
> before the court from filing in both judicial and non-
> judicial forums, as long as the injunction does not
> completely foreclose a litigant from any access to the
> courts, which this one does not.

307 F.3d at 1295, n 15.

"Rule 11 does not prevent the imposition of sanctions where it is shown that

the Rule was violated as to a portion of a pleading, even though it was not violated as

to other portions." Patterson v. Aiken, 841 F.2d at 387.

"The conduct and [financial] resources of the party to be sanctioned are

relevant to the determination of the amount of sanctions to be imposed." Baker v.

Alderman, 158 F.3d at 528.

The Advisory Committee Notes to the 1993 amendments to Rule 11 state, in

part:

> [Rule11] emphasizes the duty of candor by subjecting
> litigants to potential sanctions by insisting upon a position
> after it is no longer tenable. . . .

> However, a litigant's obligations with respect to the
> contents of these papers are not measured solely as of the
> time they are filed with or submitted to the court, but
> include reaffirming to the court and advocating positions
> contained in those pleadings and motions after learning
> that they cease to have any merit.

The Advisory Committee Notes also state:

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants: all of these may in a particular case be proper considerations.  The court has significant discretion in determining what sanctions, if any, should be imposed for a violation, subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person or comparable conduct by similarly situated persons.
> Since the purpose of Rule 11 sanctions is to deter rather than to compensate, the rule provides that, if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty.

Turning to the case at bar, Respondent filed on September 11, 2007, an objection[13] to Movant's application for compensation as attorney for the trustee.  In his objection, Respondent contends that Movant committed fraud on the Court in his handling of certain creditors' claims.  During the past year, Respondent and Debtor have asserted pro se the same contentions on numerous occasions.  The Court has consistently determined that Movant has not committed fraud and is properly performing his duties as Chapter 7 trustee.

During the hearing on Movant's motion for sanctions on January 4, 2008,

---

[13] Docket No. 548.

Respondent continued to make the same arguments that the Court has heard, considered, and rejected at numerous prior hearings. Respondent continues to relitigate "virtually verbatim" his contentions of Movant's fraud long after the Court has ruled that his contentions have no merit.

Respondent has proceeded pro se in these bankruptcy proceedings. The Court has urged Respondent to seek the advice of counsel. Respondent is a mathematician and a physicist. Respondent has a Ph. D. degree. Respondent is well educated. Respondent has been present at a number of hearings when the Court has ruled in open court that Movant is properly performing his duties as Chapter 7 trustee. Although he is proceeding pro se, the Court is of the opinion that Respondent understands that his objection to Movant's compensation as attorney for the trustee is frivolous and meritless. The Court is persuaded that Respondent seeks to delay and harass by relitigating frivolous contentions that the Court has already ruled upon. The Court is persuaded that Respondent should be sanctioned under Bankruptcy Rule 9011.

Movant also seeks an award of sanctions for a reply[14] and an objection to claim[15] filed by Respondent. In his reply and objection, Respondent questioned why the creditors' claims for "excessive attorney fees" should be allowed. At the hearing

_____

[14] Docket No. 578.

[15] Docket No. 579.

on January 4, 2008, Respondent stated that Movant had damaged the estate by first

recovering the excessive attorney fees from the creditors and then allowing the

creditors' unsecured claims for the excessive attorney fees. Movant explained that the

allowance of excessive attorney fees is controlled by a decision of the Eleventh Circuit

Court of Appeals.[16] Respondent has not attempted to relitigate this issue. The Court

is persuaded that Respondent was seeking an explanation as to why the excessive

attorney fees should be allowed. The Court is not persuaded that Respondent should

be sanctioned for his reply and objection.

Respondent filed a reply[17] to Movant's objection to the claim of Melvin Geter.

Respondent also filed an objection[18] to Movant's application to pay administrative

expenses to Mr. Geter. Mr. Geter operated a radio station that is or was owned by

Debtor.[19] In his reply and objection, Respondent contends that Movant has "abetted

possible fraud" by refusing to help determine if Mr. Geter's claims should be barred

as fraudulent. Debtor made similar arguments concerning Mr. Geter on several

---

[16] Welzel v. Advocate Realty Investments, LLC, (In re Welzel) 275 F.3d 1308
(11th Cir. 2001) (contractually set attorney fees owed to oversecured creditor
constitute a secured claim to extent fees deemed reasonable and constitute an
unsecured claim to extent fees deemed unreasonable).

[17] Docket No. 580.

[18] Docket No. 582.

[19] Movant, as Chapter 7 trustee, abandoned the estate's interest in the radio station
because the station owed substantial obligations. Docket No. 252 filed on January 18,
2007.

occasions.  The Court has determined that Movant is properly performing his duties as

Chapter 7 trustee.  The Court is persuaded that Respondent knew that his reply and

objection were frivolous.  The Court is persuaded that Respondent should be

sanctioned under Bankruptcy Rule 9011.

Finally, Respondent filed an objection[20] to Movant's motion for authorization

to pay administrative expenses to the law firm of Hitchcock & Hitchcock, P.C.[21]  That

law firm assisted Movant in resolving title problems on several parcels of real

property that were part of the bankruptcy estate.  After obtaining approval from the

Court, Movant sold the parcels.  Hitchcock & Hitchcock was the closing attorney on

some parcels and charged customary closing fees to the purchasers.  Movant's motion

sought authorization to pay administrative expenses to Hitchcock & Hitchcock for

legal fees related to resolving title problems.  Respondent questioned why the law firm

should be paid administrative expenses when it had been paid attorney fees at the

closings.  At a hearing held on November 6, 2007, Movant and a representative of

Hitchcock & Hitchcock explained that the requested administrative expenses were not

part of the closing fees that the law firm received from purchasers.  Respondent has

not relitigated this issue.  The Court is not persuaded that Movant should be awarded

sanctions for this objection filed by Respondent.

_____

[20] Docket No. 581.

[21] Docket No. 552.

At the hearing on his motion for sanctions, Movant asked the Court to award sanctions of between $2,500 and $5,000 to send a message to Respondent. Movant asked the Court to impose sufficient monetary sanctions to deter Respondent from continuing to assert frivolous objections and replies.

The Court is persuaded that the bankruptcy estate should recover, at a minimum, the attorney fees and expenses it has incurred in dealing with the objections and replies filed by Respondent that have been determined by the Court to be frivolous. The Court directs Movant to file a verified statement of his attorney time and expenses within twenty days of this decision. The Court will then impose sanctions sufficient to deter Respondent's frivolous objections and replies.

An order in accordance with this memorandum opinion will be entered this date.

DATED this 11th day of March 2008.


/s/ Robert F. Hershner, Jr.
ROBERT F. HERSHNER, JR.
United States Bankruptcy Judge